**UNITED STATES of America**

v.

**Robert DRUCKER, Defendant.**

**No. 77 Crim. 596.**

United States District Court,
S. D. New York.

June 9, 1978.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y. by Lawrence Iason, Asst. U. S. Atty., New York City, for plaintiff.

Ronald E. DePetris, DePetris & Stewart, New York City, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

Prior to trial the defendant moved for dismissal of the original indictment on the grounds of excessive hearsay. He also argued that as to two of the counts, no evidence was presented to the grand jury.

Before I had ruled on that motion, but after I had examined the transcript of the testimony before the grand jury and had indicated to the Government my concern with the manner in which the case had been

presented to the grand jury, the matter was presented again to a new grand jury and a superseding indictment was filed. At that point I denied the defendant's motion to dismiss the original indictment as moot and the case proceeded to trial. In the course of the trial I dismissed various of the counts in the superseding indictment, and the defendant was convicted on all the remaining counts.

The defendant now asserts by post-trial motion that the superseding indictment is barred by the statute of limitations. The thrust of his argument is twofold: (1) The original indictment was invalid in that it was based upon excessive and misleading hearsay and accordingly it did not toll the statute of limitations; (2) Section 3288 of Title 18 [1] is inapplicable to this case as the original indictment was not dismissed, and hence the tolling provisions of Section 3288 do not come into play.

Consistent with the views I expressed on March 3, 1978, Hearing Transcript at 407–409 (March 3, 1978), I reiterate my concern for the extensive reliance upon hearsay testimony to secure indictments. However, I find as a matter of law that whether or not the original indictment was defective, that indictment served to toll the statute of limitations with respect to the charges contained therein. *See United States v. Macklin,* 535 F.2d 191 (2d Cir. 1976). It put the defendant squarely on notice of the criminal activities with respect to which he was charged. The superseding indictment, filed while the original indictment was still pending, made no substantive change in the charges against the defendant. With one minor change it was, in fact, identical to the original indictment.

In *United States v. Grady,* 544 F.2d 598, 601–602 (2d Cir. 1976), the Second Circuit held that a superseding indictment brought after the limitations period has otherwise run is not barred, provided that (1) it is filed at a time when the first indictment,

1. Section 3288 of Title 18 provides, *inter alia,* that whenever "an indictment . . . is found otherwise defective or insufficient for any cause, after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned . . . within six calendar months of the date of the dismissal of the indictment . . . ."

timely brought, is validly pending, and (2) it does not broaden or substantially amend the charges contained in the original indictment.

I find that the requirements of *Grady* have been satisfied. *See United States v. Macklin, supra.*

■ The second prong of defendant's argument must similarly be rejected. I agree that 18 U.S.C. § 3288 does not apply since the superseding indictment was filed while the original indictment was still pending. However, it would place form over substance to hold, as the defendant urges I should hold, that while the superseding indictment would be valid pursuant to Section 3288 if I had dismissed the original indictment on the basis of defect or insufficiency, the superseding indictment is invalid because it was filed prior to any ruling by me on the validity of the original indictment. The statute of limitations was tolled by the filing of the original indictment; the original indictment was still pending when the superseding indictment was filed; and the superseding indictment was therefore timely.

Defendant's motion to dismiss the superseding indictment on the ground that it is barred by the statute of limitations is denied.

SO ORDERED.