**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**George DADANIAN and Jean Dadanian,**
**Defendants–Appellants.**

**Nos. 85–5095, 85–5248.**

United States Court of Appeals,
Ninth Circuit.

Sept. 9, 1988.

---

Before CHAMBERS and KOZINSKI, Circuit Judges, and STRAND,* District Court Judge.

CHAMBERS, Circuit Judge:

The petition for rehearing is granted.

We have reexamined our opinion, 818 F.2d 1443 (9th Cir.1987), in light of the subsequent case of *McNally v. United States,* —— U.S. ——, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987). We conclude that *McNally* was violated and that the failure to instruct the jury on the "property" element was not harmless error. *See Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 3107–09, 92 L.Ed.2d 460 (1986); *Pope v. Illinois,* 481 U.S. 497, 107 S.Ct. 1918, 1921–22, 95 L.Ed.2d 439 (1987). We also conclude that the Dadanians' scheme to obtain the gambling license did not affect the City of Bell's interests as a property-holder. *See McNally,* 107 S.Ct. at 2881 n. 8. *Cf. Carpenter v. United States,* —— U.S. ——, 108 S.Ct. 316, 98 L.Ed.2d 275 (1987). Moreover, the other convictions fail to supply the "property" element required under the mail fraud statute. *See McNally,* 107 S.Ct. at 2880–81. The Dadanians' convictions for mail fraud are reversed.

* The Honorable Roger G. Strand, United States District Judge for the District of Arizona, sitting

However, the judgment against defendants still stands as to counts ten, eleven, and twelve. The sentences on counts ten, eleven and twelve will remain intact. The court will vacate the sentences on the mail fraud counts.

The court disregards the request for rehearing en banc without prejudice to any party filing another petition for rehearing on the case as now modified.