**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Albert O'Neal SCOTT,**
**Defendant–Appellant.**

**No. 87–1354.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 27, 1989 *.

Decided Sept. 1, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Albert O'Neal Scott, Jean, Nev., pro se.

Paul E. Wommer, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before BROWNING, PREGERSON and THOMPSON, Circuit Judges.

PER CURIAM:

Albert O'Neal Scott pled guilty to one count of a superseding information upon condition that he be allowed to appeal the district court's denial of his motion to dismiss the indictment the information replaced as insufficient. We affirm.

### I.

While incarcerated in a Nevada state jail, Scott mailed a letter to Harry Reid, United States Senator from Nevada. The letter threatened that if Reid did not persuade the Clark County, Nevada district attorney to dismiss 21 felony counts pending against Scott, Scott would reveal to various governmental and private organizations details of a scheme in which Reid allegedly swindled $200,000 from a third party. The letter was signed "Albert O'Neal Scott" and gave the Clark County jail as the return address.

Scott confessed authorship of the letter to a federal agent and was indicted on the felony charge of mailing a threatening communication in violation of 18 U.S.C. § 876. Scott plead not guilty and moved to dismiss, alleging the indictment failed to inform him of the charge against him. The district court denied the motion. Scott and the government then negotiated a conditional plea agreement. Under the agreement the government dismissed the indictment and replaced it with an information charging Scott with the misdemeanor offense of blackmail under 18 U.S.C. § 873, and Scott pled guilty to the charge in the information upon the condition that he retained his right to appeal the denial of his pretrial motions, including the motion to dismiss the indictment.

The district court accepted Scott's guilty plea and sentenced him to one year imprisonment. Scott appeals from the denial of his motion to dismiss the indictment.

### II.

We sua sponte address the question of mootness. *See North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) (per curiam); *Aguirre v. S.S. Sohio Intrepid,* 801 F.2d 1185, 1189 (9th Cir.1986).

█ It is generally true that when an indictment is dismissed and replaced with an information charging offenses different than those contained in the indictment, any challenge to the legal sufficiency of the indictment becomes moot. *See, e.g., United States v. Biggs,* 761 F.2d 184, 185 n. 2 (4th Cir.1985); *United States v. Drucker,* 591 F.2d 1332 (2d Cir.1978), *affirming without opinion,* 453 F.Supp. 741, 742 (S.D.N.Y.1978). The issue is moot because the validity of the indictment no longer poses "a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law." *Aguirre,* 801 F.2d at 1189 (internal quotation omitted). Were we to overturn the indictment in such a case, it would have no effect on the defendant's conviction under the superseding information. Because we are powerless to grant effective relief in such an appeal, we have no jurisdiction over it. *Id.*

Conversely, when it is within our power, in deciding the appeal from the first indictment, to affect the resolution of the government's case against the defendant under the second, the appeal from the first indictment is not moot. *United States v. Lee,* 622 F.2d 787, 789 (5th Cir.1980). The terms of the federal rule governing conditional plea agreements create such an exception to the general rule regarding superseding charges. The federal rule states:

> With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. *A defendant who prevails on appeal shall be allowed to withdraw the plea.*

Fed.R.Crim.P. 11(a)(2) (emphasis added).

Scott's motion to dismiss falls within this rule. Rule 11(a)(2) is not limited to any particular pretrial motions. The Advisory Committee on the Federal Rules emphasized that "the objectives of the rule are well served by extending it to ... 'any pretrial motion which, if granted, would be dispositive of the case.'" Fed.R.Crim.P. 11(a)(2) advisory committee note (quoting Unif.R.Crim.P. 444(d) (1974)).[1] "[C]onditional pleas [should] be allowed only when the decision of the court of appeals will dispose of the case either by allowing the plea to stand or by such action as compelling dismissal of the indictment or suppressing essential evidence." *Id.* A pretrial motion such as Scott's is dispositive because, if granted, it mandates dismissal of the case against him brought under that indictment. *See United States v. Kurka,*

818 F.2d 1427, 1431 (9th Cir.1987); *United States v. Cecil,* 608 F.2d 1294, 1295–97 (9th Cir.1979) (per curiam).

Since Scott's conditional guilty plea was entered pursuant to Rule 11(a)(2), if Scott prevails on this appeal and we reverse the denial of his motion to dismiss the indictment, we will be authorized, indeed required, by Rule 11(a)(2) to instruct the district court to allow Scott to withdraw his plea. In *United States v. Tantalo,* for example, the defendant "pleaded guilty to the misdemeanor charged in the [superseding] information in keeping with a new plea agreement with the Government, which included the Government's consent to the reservation of the [defendant's] right to appeal from the decision of the district court denying his motion to dismiss the indictment." 680 F.2d 903, 906 (2d Cir. 1982) (footnote omitted). The Second Circuit reversed the denial of the motion to dismiss and "remanded to the district court to permit the appellant, if he so elects, to withdraw his guilty plea to the superseding information in keeping with the conditions of the plea agreement". *Id.* at 911 (footnotes omitted); *cf. United States v. Rinaldi,* 808 F.2d 1579, 1584–85 (D.C.Cir.1987) (per curiam) (vacating judgment of conviction, "thereby freeing appellant to withdraw his conditional guilty plea on remand").

It is therefore clear that if we reverse the denial of Scott's pretrial motion, Rule 11(a)(2) empowers us to grant Scott relief by allowing him to withdraw his guilty plea. Since we are so empowered, the constitution does not deny us jurisdiction to hear Scott's appeal.[2]

---

1. We agree that extending Rule 11(a)(2) to motions to dismiss serves the purpose of the rule, adopted to eliminate the "waste of prosecutorial and judicial resources" under the previous rule, which required the defendant to "go through an entire trial simply to preserve the pretrial issues for later appellate review." Fed.R.Crim.P. 11(a)(2) advisory committee note; *see United States v. Andrews,* 790 F.2d 803, 810 (10th Cir. 1986). Defendants such as Scott, who lose pretrial attacks on their indictments, would be forced to choose between pleading to a lesser charge and losing the right to appeal from the denial of their pretrial rulings, or risking con-

viction on the more serious charge to preserve their rights of appeal. Since many defendants who plead guilty do so in exchange for lesser charges and consequential lesser sentences, *see Brady v. United States,* 397 U.S. 742, 752, 90 S.Ct. 1463, 1471, 25 L.Ed.2d 747 (1970), such a choice would likely curtail the use of Rule 11(a)(2) and diminish its effectiveness.

2. The dissent, without citation to commentary or legislative history or case authority, asserts Rule 11(a)(2) does not alter the mootness analysis because the rule "presupposes the propriety of the appeal." *Dissent* at 1167. The history

### III.

We turn to the merits of Scott's appeal from the denial of his motion to dismiss the indictment.

■ Scott first asserts the indictment is invalid because it employs the disjunctive by alleging that Scott acted with "intent to extort ... money or other thing of value." This, Scott claims, was insufficient to apprise him of the charges against him, in violation of the fifth and sixth amendments. *See Russell v. United States,* 369 U.S. 749, 763–69, 82 S.Ct. 1038, 1046–50, 8 L.Ed.2d 240 (1962).

The indictment in this case tracks the language of the statute, which proscribes "extort[ing] from any person any money or other thing of value." 18 U.S.C. § 876. Such an indictment is sufficient if the words of the statute "fully, directly, and expressly set forth all the elements necessary to constitute the offense intended to be proved." *United States v. Dadanian,* 818 F.2d 1443, 1447 (9th Cir.1987) (quotation omitted), *modified on other grounds,* 856 F.2d 1391 (9th Cir.1988); *see Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974). We have already held section 876 "give[s] a person of ordinary intelligence fair notice of the conduct it forbids[.]" *United States v. Hutson,* 843 F.2d 1232, 1236 (9th Cir. 1988).

The fact that both the statute and the indictment allow conviction either if Scott intended to extort money *or* if he intended to extort some "other thing of value" does not render the indictment insufficient where, as here, the indictment specifies the acts alleged to constitute the violation and charges but a single method of committing a single offense. *See United States v. Alsop,* 479 F.2d 65, 66 (9th Cir.1973); *cf. United States v. Zavala,* 839 F.2d 523, 532 (9th Cir.1988) (Reinhardt, J., dissenting).

■ Scott's alternative assignment of error—that the indictment was unconstitutionally vague because it failed to describe what "thing of value" Scott intended to obtain—is without merit. The phrase "thing of value" is a well-defined term that includes intangible objectives, *see United States v. Schwartz,* 785 F.2d 673, 679–80 (9th Cir.1986); *United States v. Sheker,* 618 F.2d 607, 609 (9th Cir.1980), and the indictment was sufficient to apprise Scott that the "thing of value" he was charged with attempting to obtain was the objective of his letter—the dismissal of the 21 felony counts then pending against him.

Because Scott's indictment was not constitutionally infirm his conviction is

AFFIRMED.

PREGERSON, Judge, dissenting:

Scott was indicted on one felony count of blackmail in violation of 18 U.S.C. § 876. His motion to dismiss the indictment was denied by the district court. The government then filed an information charging Scott with blackmail in violation of 18 U.S.C. § 873, a misdemeanor. Scott then entered a conditional guilty plea pursuant to Fed.R.Crim.P. 11(a)(2) and pleaded guilty to the misdemeanor charged in the information. Under the terms of the plea agreement, the government dismissed the indictment, and Scott was given the right to appeal from the district court's order denying his motion to dismiss the indictment. Scott now wishes to challenge the district court's denial of his motion to dismiss the indictment.

However, Scott *cannot* appeal the denial of his motion to dismiss the indictment because, after the dismissal of the indictment, the issue of its sufficiency is moot. *See Aguirre v. S.S. Sohio Intrepid,* 801 F.2d 1185, 1189 (9th Cir.1986). Scott, who was in pro per when he entered a conditional guilty plea, evidently believed that he could appeal the denial of his motion to dismiss the indictment following his guilty plea to the information. The government and the district court did not advise him otherwise. Yet it is clear that, once Scott was convicted by this guilty plea to the

---

and commentary make clear that the rule was intended to do exactly what the dissent insists it was not—create appellate jurisdiction where it would not otherwise exist because of mootness. *See supra* at 1165 & n. 1.

information, the question of the sufficiency of the previous indictment no longer existed as a present, live controversy. *See Aguirre*, 801 F.2d at 1189. Because the issue of the indictment's sufficiency is moot, it cannot be the subject of an appeal. Therefore, Scott was denied one of the benefits promised him in return for his conditional guilty plea.

The majority states that Fed.R.Crim.P. 11(a)(2) allows us to take jurisdiction of Scott's appeal. Rule 11(a)(2), as the majority's opinion points out, does provide that "[a] defendant who prevails on appeal shall be allowed to withdraw the plea." However, this statement in the Rule presupposes the propriety of the appeal. Where the issue sought to be raised is moot, the appeal is not proper and there will therefore be no occasion for allowing the defendant to withdraw his plea. I am in full agreement with that portion of the majority's opinion which states that "when an indictment is dismissed and replaced with an information charging offenses different than those contained in the indictment, any challenge to the legal sufficiency of the indictment becomes moot." Opinion at 1164. As the majority points out, "[t]he issue is moot because the validity of the indictment no longer poses a 'present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law.'" *Id.* at 1164. Given this analysis, I can only conclude that the present appeal is moot. Therefore, the language in Rule 11(a)(2) providing that a defendant who "prevails on appeal" shall be allowed to withdraw his plea simply does not come into play, because when the appeal is moot, there *is* no appeal.

Mootness is an element of justiciability and raises the question of jurisdiction. *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) (per curiam) (resolution of question of mootness is "essential if federal courts are to function within their constitutional sphere of authority"). We have no power to decide moot questions. *Id.* (courts may not issue advisory opinions); *see also Aguirre*, 801 F.2d at 1189. I cannot join, therefore, in the majority's decision because I believe that we lack jurisdiction to decide the merits of this case.

It would be unfair, however, to dismiss this case as moot without allowing Scott to withdraw his guilty plea. Scott entered into a plea agreement which promised him something in return for his guilty plea, but in fact gave him nothing. Because Scott's guilty plea was conditioned on the appealability of his challenge to the indictment, the district court and government erred by permitting Scott to reserve the right to appeal a moot issue. *Cf. United States v. Curcio*, 712 F.2d 1532 (2d Cir.1983) (defendants permitted to withdraw conditional guilty plea where district court improperly allowed them to reserve for appeal issues that required trial record).

I do not believe that the mootness of Scott's appeal removes from this court its responsibility to supervise the administration of criminal justice. We retain the power to order the relief—the opportunity for Scott to withdraw his guilty plea—required to undo the effects of the district court's erroneous acceptance of a plea arrangement which gave Scott an illusory benefit in return for his plea. In so doing, we would not be deciding the merits of the appeal, nor would we be granting Scott the relief he seeks. Rather, we would be implementing an appropriate remedy for a violation of Scott's rights. *See United States v. Gonsalves*, 781 F.2d 1319, 1320–21 (9th Cir.1985); *United States v. Ramirez*, 710 F.2d 535, 541 (9th Cir.1983). Therefore, I would remand the case to give Scott the opportunity to withdraw his guilty plea.