968 F.2d 1222
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark George SOMES, Defendant-Appellant.
 No. 91-50502.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1992.*
Decided July 20, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Somes' letters constituted a "true threat" if a reasonable person would foresee that the letters would be interpreted by the recipient "as a serious expression of intent to harm or assault." United States v. Orozco-Santillan, 903 F.2d 1262, 1265 (9th Cir.1990). True threats are not protected by the First Amendment. United States v. Merrill, 746 F.2d 458, 462 (9th Cir.1984). Whether a letter constitutes a true threat is normally a question for the trier of fact. Id. To determine whether a defendant made a true threat, we must examine the factual context of the statements. See e.g., United States v. Mitchell, 812 F.2d 1250, 1255 (9th Cir.1987) (applying similar standard for threats to the president under 18 U.S.C. § 871).
 
 
 3
 Section 844(e) requires a willful threat to: 1) injure individuals; or 2) damage property. In the letter to KNSD station in San Diego, Somes claimed credit for a recent bombing of the city's federal courthouse, and stated that "further action" would be taken within 30 days if his demands were not met. Somes also warned that his message "should by no means whatsoever be taken lightly." Somes' implication was that more violence would occur if his demands were not met. The KNSD letter constituted a true threat. See Merrill, 746 F.2d at 462; see also Martin v. United States, 691 F.2d 1235, 1240 (8th Cir.1982) (applying true threat standard for letters violating § 876).
 
 
 4
 Section 876 requires the government to prove that Somes mailed the letter with the intent to "extort from any person any money or other thing of value". See 18 U.S.C. § 876. To support a conviction under § 876, the government must prove that the defendant knowingly deposited a threatening letter in the mails. United States v. Davis, 876 F.2d 71, 73 (9th Cir.1989) (per curiam).
 
 
 5
 Somes' letter to Roberto Martinez stated "we are going to choke all you pachookos," and "White Power is going to get you." Somes mailed both threatening letters. The district court could properly deny Somes' request for dismissal. See Orozco-Santillan, 903 F.2d at 1265 (statement must be "a serious expression of intent to harm or assault.").
 
 
 6
 Somes argues that his conviction for the Martinez letter was invalid because he did not attempt to extort a "thing of value" as required by § 876. This phrase "is a well-defined term that includes intangible objects." United States v. Scott, 884 F.2d 1163, 1166 (9th Cir.1989) (felony counts are a thing of value); United States v. Schwartz, 785 F.2d 673, 679 (9th Cir.1986) ("assistance for the merger" of two unions is a thing of value). Somes demanded that Martinez stop his work with Hispanic immigrants. The threat to Martinez' livelihood constituted a "thing of value." See United States v. Croft, 750 F.2d 1354, 1362 (7th Cir.1984) (employee's services a thing of value). Section 876 was properly applied.
 
 
 7
 Somes argues that Federal Rule of Evidence 403 precludes admission of several government exhibits because of their prejudicial effect. We review Rule 403 decisions for an abuse of discretion. United States v. Perkins, 937 F.2d 1397, 1400 (9th Cir.1991). The district court's evidentiary rulings are accorded considerable deference. United States v. Joetzki, 952 F.2d 1090, 1094 (9th Cir.1991).
 
 
 8
 Somes argued at trial that an alcoholic "blackout" prevented him from forming the requisite intent necessary under §§ 844(e) and 876. The district court permitted introduction of evidence establishing: 1) Somes' awareness of the Tom Metzger trial and the skinhead movement; 2) his membership in white supremacist groups; and 3) that Somes once listened to Metzger's telephone hotline containing racial and sexual epithets. It was not error to allow the rebuttal evidence. See Joetzki, 952 F.2d at 1094 (evidence of bizarre gold refining practice admissible to establish fraudulent intent).
 
 
 9
 In so holding, we do not ignore R.A.V. v. City of St. Paul, 60 U.S.L.W. 4667 (1992). The Court in R.A.V. held that a Minnesota hate crimes statute was unconstitutional because it prohibited "otherwise permitted speech solely on the basis of the subjects the speech addresses." Id. at 4668. Somes is not being punished for permissible White Supremacist beliefs, but for his actions taken in light of his beliefs; the writing and mailing of threatening and extorting letters. The district court did not abuse its discretion.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3