996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael R. JONES, Plaintiff-Appellant,
v.
UNITED PARCEL SERVICE, INC., a foreign corporation,
Defendant-Appellee.
 No. 91-36122.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1993.*
Decided June 16, 1993.
 
 1
 Before: BRUNETTI, LEAVY and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Michael Jones brought suit in state court against his former employer United Parcel Service, Inc. (UPS) alleging racial discrimination, in violation of RCW 49.60.010 et seq., handicap discrimination, and unlawful retaliation. UPS removed the action to federal district court, where it was tried without a jury.
 
 
 4
 At the close of the plaintiff's case, the court granted in part UPS's motion under Rule 41(b) and dismissed the claims alleging UPS terminated Jones because of his handicap and failed to provide reasonable accommodation in light of that handicap. Ultimately, the court found in UPS's favor on the remaining claims, and dismissed all Jones's claims with prejudice. The court issued detailed findings of fact and conclusions of law in support of its decision.
 
 
 5
 Jones appeals the judgment only as to his claims of retaliatory treatment and discharge stemming from his complaints of racial discrimination. AOB at p. 4. We affirm.
 
 
 6
 * Predicate to his claim of error on the district court's finding concerning the retaliatory treatment and discharge claims, Jones complains that the court erred in admitting certain statements made in and about his application for unemployment benefits on August 4, 1989. Jones cites RCW 50.32.097 in support of this claim. That section provides in relevant part:
 
 
 7
 Any finding, determination, conclusion, declaration, or other final order made by the commissioner, or his or her representative or delegate, or by an appeal tribunal, administrative law judge, reviewing officer, or other agent of the department for the purposes of Title 50 RCW, shall not be conclusive, nor binding, nor admissible as evidence in any separate action outside the scope of Title 50 RCW between an individual and an individual's present or former employer ...
 
 
 8
 The evidence he challenges under this provision consists of two exhibits denominated defendant's A-51 and A-52.[1] Exhibit A-51 was a "Voluntary Quit Statement" completed by Jones and Employment Security Department investigator Daniel Lindblom, and was treated in two portions. The first, designated as the portion above Jones's signature, was admitted without objection by Jones' trial counsel.[2] The second portion, written by Lindblom, was a summary of appellant's application information, and was admitted over appellant's objection. R.T. at 671. We find no error in the district court's treatment of Exhibit A-51.
 
 
 9
 With respect to the first portion of Exhibit A-51, RCW 50.32.097 simply does not apply. Jones himself completed and subscribed this portion of the form. Because Jones is not within the class of declarants whose findings, etc. are protected under that section, we cannot conclude that the court committed "plain error" in admitting that portion of the exhibit.[3]
 
 
 10
 Neither does RCW 50.32.097 bar admission of Lindblom's summary. As Lindblom himself testified, that single paragraph was nothing more than information provided to him by Mr. Jones, which information he then recorded on the ESD form. R.T. at 666. This was not a "finding, determination, conclusion, declaration or final order" of the type contemplated by RCW 50.32.097. It was not an agency decision which might be afforded preclusive effect in the absence of that section. It is a memorialization of Jones's own representations made in his attempt to obtain unemployment compensation from the state, and it falls outside the scope of that section.
 
 
 11
 Jones also challenges the admission of exhibit A-52 under the same theory. That exhibit, referred to as a "fact finding statement," was prepared by Margaret Magic, another ESD employee.[4] R.T. at 657. According to Ms. Magic, the sole source of the information contained in the statement was Mr. Jones. She compiled the statement from the facts as related by Jones in his fact-finding interview. R.T. 658-660. Jones reviewed and signed both pages of the statement. Id., E.R. 3, at 3-4. Again, the statement is that of Jones, not Ms. Magic, and RCW 50.32.097 is therefore no bar to its admission. We find no error in the admission of Exhibits A-51 and A-52.
 
 II
 
 12
 Jones also complains the district court erred in concluding that Jones presented insufficient evidence to establish that his termination from employment was performed in retaliation for his complaints of racial discrimination. Conclusion of Law No. 5, E.R. 5, at 19;[5] AOB at 22. Jones appears to be arguing that this conclusion is erroneous because it is not supported by an express factual finding of no retaliatory motive. AOB at 22-23. This contention is without merit.
 
 
 13
 The district court found that Jones "did not suffer any adverse employment action during the administration or management of his workers compensation claim," and "did not experience any delay or withholding of benefits because of his race or any complaints he had registered with UPS or any governmental agency." Finding of Fact 39, E.R. 5, at 15. It also found that UPS terminated his employment on August 15, 1989 "[b]ecause plaintiff failed to return to work on August 14." Finding of Fact 44, E.R. 5, at 16. "These findings add up to a conclusion that the defendant did not retaliate against [Jones] which we review under the clearly erroneous standard." Jordan v. Clark, 847 F.2d 1368, 1376 (9th Cir.1988), cert. denied, 488 U.S. 1006 (1989).
 
 
 14
 We have reviewed in its entirety the record of the proceedings below, and find the court's factual findings to be amply supported therein. See Service Employees Int'l Union v. Fair Political Practices Com'n, 955 F.2d 1312, 1317 n. 7 (9th Cir.), cert. denied, 112 S.Ct. 3056 & 3057 (1992) (scope of review on appeal). Jones offers no basis upon which to disturb either the court's factual findings or its resultant conclusion that Jones failed to prove his claim of retaliation.
 
 
 15
 The judgment of the district court is AFFIRMED.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 3(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Jones asserts that "[t]he district court initially denied admission of defendant's Exhibits A-51 and A-52 (PTO, CR 72, ER)," but, "[a]fter substitution of judge," the exhibits were admitted over plaintiff's objections. AOB at p. 18-19. Our review of the record below, and of the portions cited in particular, reveals that no such denial in fact occurred
 
 
 [2]
 "I have no objection to the first page of A-51 or anything on the second page above his signature." R.T. at 298, E.R. 3, at 2
 
 
 [3]
 Where a party fails to object to the admission of evidence at trial, we review only for plain error. United States v. Dadanian, 818 F.2d 1443, 1445 (9th Cir.1987), modified on other grounds, 856 F.2d 1391 (9th Cir.1988)
 
 
 [4]
 Ms. Magic testified that some of the entries on Exhibit A-52 were "probably added [by Jones] before he signed the statement". R.T. at 658
 
 
 [5]
 The court concluded that "[t]here was insufficient evidence to prove that the termination was motivated by any racial or retaliatory motive." E.R. 5, at 19