70 F.3d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl William CRESONG, Petitioner-Appellant,
v.
Dale E. COPELAND; Grant Woods, Attorney General,
Respondents-Appellees.
 No. 95-16111.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1995.*
Decided Nov. 9, 1995.
 
 Before: GOODWIN, PREGERSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carl William Cresong, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 petition. Cresong was convicted of armed robbery and sentenced to seventeen years imprisonment. He contends the district court erred when it denied his claim that the state trial court violated his Sixth Amendment confrontation rights. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We accept the district court's factual findings unless clearly erroneous and review its conclusions of law de novo. Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993). We affirm.
 
 
 3
 Cresong contends the state trial court violated his Sixth Amendment confrontation rights when it precluded him from eliciting from Bobby Anderson the punishment Anderson could have been subject to had he not accepted the state's plea bargain and testified against Cresong. We disagree.
 
 
 4
 The Confrontation Clause guarantees a defendant the right to confront the witnesses against him. U.S. CONST. amend. VI. The right to cross-examination, however, is not unlimited. Delaware v. Fensterer, 474 U.S. 15, 20 (1985). The extent of cross-examination must be sufficient to allow the jury to evaluate the witness's general credibility and, in particular, the biases and motivations of the witness. Evans v. Lewis, 855 F.2d 631, 633-34 (9th Cir.1988).
 
 
 5
 In United States v. Dadanian, 818 F.2d 1443, 1449 (9th Cir.1987), modified, 856 F.2d 1391 (9th Cir.1988), we held on direct review that so long as the defense has been permitted to reveal the possible motives for a witness's testimony by cross-examining the witness fully regarding the terms of his plea bargain, a trial court does not violate the Confrontation Clause by refusing to allow cross-examination concerning the amount of jail time the witness could have faced had he not agreed to testify against the defendant.
 
 
 6
 On cross-examination, Anderson testified that in exchange for his testimony, the State: permitted him to plead guilty to facilitation, the lowest possible felony under state law; stipulated to a sentence of probation; and dismissed two sentence enhancement allegations as well as the other charges against him. Because the defense was permitted to cross-examine Anderson fully concerning the terms of his plea agreement, the district court properly denied Cresong's claim. See Dadanian, 818 F.2d at 1449.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cresong contends that the Eighth Circuit recognizes the validity of his claim, citing United States v. Roan Eagle, 867 F.2d 436, 443-44 (8th Cir.), cert. denied, 490 U.S. 1028 (1989). Cresong misreads Roan Eagle. There, the Eighth Circuit concluded that the district court erred by refusing to permit the defense to elicit on cross-examination the actual charge the witness pleaded to in exchange for her testimony and the range of punishment the witness was subject to under the terms of her plea agreement. Here, the defense did elicit from Anderson that he had pleaded guilty to the reduced charge of facilitation and the State had stipulated to a sentence of probation