**UNITED STATES of America, Plaintiff—Appellee,**

v.

**William Vaughan EDWARDS, Defendant—Appellant.**

No. 06–30048.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 15, 2006.*

Filed Aug. 23, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Joseph E. Thaggard, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: REAVLEY,[**] PREGERSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM [***]

Defendant William Edwards appeals his conviction for possession of cocaine with intent to distribute on grounds that the district court wrongly excluded exculpatory and bias evidence and because of prosecutorial misconduct. For the following reasons, we affirm.

[**] The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

William Edwards first argues that the court's disallowance of cross-examination of his co-offender and uncle, James Edwards, regarding James's jail time exposure for a charge dismissed under his plea agreement impeded William's ability to show James's bias. We conclude that the district court's curtailment of this testimony, if error, was harmless because the defendant had ample opportunity to expose James Edwards' potential bias and motive in testifying. *United States v. Schoneberg*, 396 F.3d 1036, 1044 (9th Cir. 2005); *United States v. Dadanian*, 818 F.2d 1443, 1449 (9th Cir.1987), *rev'd on reh'g on other grounds*, 856 F.2d 1391 (1988).

William Edwards also asserts that the district court erred in failing to admit written exculpatory statements first signed, and then disavowed by James Edwards under exceptions to the hearsay rule. We review the district court's refusal to admit evidence under an exception to the hearsay rule for abuse of discretion. *United States v. Johnson*, 297 F.3d 845, 862–63 (9th Cir.2002). Because James Edwards was not "a party" to this case, the documents were not admissible as admissions by a party opponent. FED.R.EVID. 801(d)(2). The written documents were admissible as extrinsic evidence of a prior inconsistent statement under Rule 613, the foundational requirements of that rule having been met. *See* FED.R.EVID. 613(b). However, because defense counsel both projected the documents and read the substantive exculpatory portions aloud, we are satisfied that the jury received sufficient information regarding James's prior statements to permit appraisal of his credibility. We are not persuaded that the district

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court's exclusion of the documents was an abuse of discretion or tainted the verdict. *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 688 (9th Cir.2001).

 Finally, arresting officers testified that William Edwards' sweatshirt pocket yielded plastic baggies (or "bindles") containing cocaine, while his pants pocket contained "a wad of money" and empty baggies. Edwards claims that, during closing arguments, the prosecutor stated three times that bindles of cocaine were found not only in his sweatshirt, but also in his pants pocket. This is significant, Edwards argues, because the core of his defense is that the sweatshirt belonged to someone else and he was unaware of the contents of its pockets.

The relevant portions of the prosecutor's closing statement are as follows:

> [H]e's got bindles in his pants pocket along with $1,247 in cash … He's also got bindles, the defendant, in his pocket along with the cash, empty bindles … Billy Edwards has got empty bindles in his pants pocket along with the cash.

In the first statement, the word "bindles" is unqualified with respect to the condition of emptiness or containing cocaine. In the second and third statements, the word "bindles" is specifically qualified by the word "empty." Accordingly, the prosecutor did not misstate the trial testimony of the arresting officers.

**AFFIRMED.**