**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Rene ACOSTA–MARTINEZ,**
**Defendant—Appellant.**

**No. 06–50093.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2007.

Filed Feb. 28, 2007.

US Attorneys Office, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Joan Kerry Bader, Esq., San Diego, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, LEAVY, and CALLAHAN, Circuit Judges.

him about "the drug deal" and told him that they had seized drugs from his co-defendant.

## MEMORANDUM *

Rene Acosta–Martinez appeals the district court's order denying his motion to dismiss an indictment charging him with reentry after deportation, in violation of 8 U.S.C. § 1326. That indictment was dismissed on motion of the government after Acosta–Martinez entered a conditional guilty plea to a superseding information charging him with illegal entry in violation of 8 U.S.C. § 1325.

"It is generally true that when an indictment is dismissed and replaced with an information charging offenses different than those contained in the indictment, any challenge to the legal sufficiency of the indictment becomes moot." *United States v. Scott,* 884 F.2d 1163, 1165 (9th Cir.1989). However, *Scott* holds that an appeal is not mooted by the dismissal of the indictment when a defendant enters a conditional guilty plea to different charges in a superseding information. *Id.* Therefore, we are required to reach the merits of Acosta–Martinez' challenge to the dismissed indictment.

Acosta–Martinez contends that the underlying deportation order was invalid. Defendants in illegal reentry cases may collaterally attack their underlying deportation orders if they can show that the deportation proceedings "effectively eliminate[d] the right of the alien to obtain judicial review." *United States v. Mendoza–Lopez,* 481 U.S. 828, 839, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987). To prevail on the attack, the defendant must show not only that the deportation was unlawful, but that the proceeding violated due process. *Id.* at 838–40, 107 S.Ct. 2148. In addition, the alien must establish that he suffered prejudice. *United States v. Proa–Tovar,* 975 F.2d 592, 595 (9th Cir.1992) (en banc).

Although Acosta–Martinez waived his right to appeal the deportation order, such waiver is not "considered and intelligent" if "the record contains an inference that the petitioner is eligible for relief from deportation" and the immigration judge (IJ) failed "to advise the alien of this possibility...." *United States v. Muro–Inclan,* 249 F.3d 1180, 1182 (9th Cir.2001). Acosta–Martinez argues that the IJ failed to advise him of several relief possibilities that potentially were available to him, therefore his waiver of appeal was not considered and intelligent.

In the removal proceeding, Acosta–Martinez was charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i) (alien present in the United States without being admitted or paroled). Acosta–Martinez testified before the IJ that he had falsely claimed to be a United States citizen when attempting to enter this country. This admission rendered Acosta–Martinez inadmissible and ineligible for any type of waiver. *See* 8 U.S.C. § 1182(a)(6)(C)(ii) (An alien is "inadmissible" if he "has falsely represented, himself ... to be a citizen of the United Sates for any purpose of benefit under this chapter ... or any other Federal of State law...."). Acosta–Martinez is ineligible for a waiver under 8 U.S.C. § 1182(i) because the waiver applies only to § 1182(a)(6)(i); *Pichardo v. INS,* 216 F.3d 1198, 1201 (9th Cir.2000) (falsely representing citizenship when trying to enter the United States is "an independent and non-waivable ground for inadmissibility under section 1182(a)(6)(C)(ii).").

The district court found that Acosta–Martinez' declaration in which he contradicted his admission was not credible. The district court's credibility finding is

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

entitled to deference and may only be reversed for clear error. *See United States v. Hovsepian,* 422 F.3d 883, 886 (9th Cir. 2005).

In sum, the record contains no inference that Acosta–Martinez was eligible for relief from removal. *See also Padilla v. Ashcroft,* 334 F.3d 921, 925 (9th Cir.2003) (noting that an applicant for adjustment of status must "be *otherwise admissible* to the United States.") (emphasis in original). Acosta–Martinez' remaining arguments are unavailing and his collateral attack on the underlying deportation order fails.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.