Erwin PICHARDO, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

No. 98–70759

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 1999

Filed Sept. 7, 1999

Willie M. Jordan–Curtis, Ph.D., J.D., Assistant Dean for Student Affairs, Darlene C. Chavez, Guylaine Nau, and Lara A. Stingley, Law Students, University of Arizona, College of Law, Legal Clinic (Pro Bono), Tucson, Arizona, for the petitioner.

Marion E. Guyton, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondent.

Before: LAY,[1] PREGERSON and HAWKINS, Circuit Judges.

LAY, Circuit Judge:

Erwin Pichardo, a citizen of Nicaragua, appeals from a decision of the Board of Immigration Appeals ("BIA" or "Board") upholding an Immigration Judge's ("IJ's") finding that Pichardo was inadmissible and subject to removal from the United States. The BIA based its holding on the finding that an immigration officer reasonably believed Pichardo to be a drug trafficker under the Immigration and Nationality Act ("INA") section 212(a)(2)(C), 8 U.S.C. § 1182(a)(2)(C), and on Pichardo's guilty plea to a charge of making a false claim of United States citizenship under 18 U.S.C. § 911. We reverse and remand to the Board for further proceedings.

**Factual and Procedural Background**

Erwin Pichardo came to the United States when he was eleven years old after fleeing Nicaragua with his mother. He has been living in the United States for over twelve years. He has a job, as well as a wife and two children who are all United States citizens. On June 13, 1997, Pichardo and his wife traveled from Los Angeles to Mexicali, Mexico with some friends, including a man named Carlos, to go shopping. The group traveled in Carlos' van. According to Pichardo, while shopping at a mall, Carlos left the group, returning with people that he described as family members. He informed Pichardo that he wished to go with his family, and asked Pichardo if he would drive the van back to Los Angeles. Pichardo agreed. When he crossed the border into the United States, the inspectors found 126.45 pounds of marijuana hidden in the paneling of the van. Pichardo claimed that he did not know that Carlos was involved with drugs or that the marijuana was in the van. Pichardo was arrested on drug charges which were later dropped.

On June 14, 1997, the Immigration and Naturalization Service ("INS") commenced proceedings to remove Pichardo from the United States by issuing a Notice to Appear. The notice stated that Pichardo was removable pursuant to INA § 212(a)(2)(C) as an alien who was reasonably believed to be a drug trafficker. Pichardo's deportation hearing commenced on September 9, 1997. Pichardo requested time to obtain an attorney and the proceeding was continued to October 2, 1997. At that time, the INS lodged an additional charge of removability against Pichardo, charging that he was subject to removal for violation of INA § 212(a)(6)(C), 8 U.S.C. § 1182(a)(6)(C), for falsely claiming United States citizenship.[2]

On October 27, 1997, the IJ heard the merits of Pichardo's case and found that Pichardo was excludable for illicit drug trafficking and for a false claim to citizen-

---

1. The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

2. Pichardo had used a false birth certificate to enter the United States on the day of his arrest. On August 29, 1997, Pichardo pled guilty to making a false claim of United States citizenship in violation of 18 U.S.C. § 911 and was sentenced to two months imprisonment with credit for time served.

The actual charging document is not in the record and so it is unclear with what specific ground of inadmissibility Pichardo was charged. The fact that the INS lodged an additional charge of removability due to Pichardo's guilty plea is undisputed. CAR at 102. The government states in its brief that the charge was for removal for violation of section 212(a)(6)(C) of the INA. Respondent's Brief at 4.

ship. After this ruling, the proceedings were again continued to determine Pichardo's asylum claim. On December 1, 1997, the IJ rendered an oral decision denying this claim and reiterating his findings from the previous hearing that Pichardo was inadmissible because an immigration officer reasonably believed that he was a drug trafficker and because of the "misleading claim to citizenship."

Pichardo appealed the IJ's decision to the BIA and the BIA affirmed. The BIA found that the IJ correctly decided that the respondent failed to meet his burden of establishing that he was admissible under any provision of the Immigration and Nationality Act. The Board stated: "The record clearly shows that while the drug charges were dropped, the respondent was convicted of making a false claim to United States citizenship." The BIA also held that Pichardo was subject to removal pursuant to section 212(a)(2)(C). The Board noted that section 212(a)(2)(C) does not require a conviction, but only that the "immigration officer know or have reason to believe that the alien is or has been an illicit trafficker in controlled substances." The Board concluded "[b]ecause the respondent was caught trying the enter the United States with 126 pounds of marijuana in the car he was driving, we find that he is inadmissible under section 212(a)(2)(C) of the Act, as charged." The BIA also affirmed the dismissal of the asylum claim.

## Discussion

Pichardo argues that the BIA erred when it sustained the IJ's finding that Pichardo was inadmissible pursuant to section 212(a)(2)(C) of the INA because the

IJ's finding was not supported by sufficient evidence. Second, Pichardo argues that the BIA erred when it sustained the IJ's decision that Pichardo failed to meet his burden of establishing that he was admissible under any provision of the INA.

■ We have jurisdiction over this final removal order under 8 U.S.C. § 1252(a)(1). *See Yang v. INS*, 109 F.3d 1185, 1192 (7th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 624, 139 L.Ed.2d 605 (1997).[3] Even though the burden is on the petitioner in a removal proceeding to prove that he is not inadmissible to the United States, *see* 8 U.S.C. § 1229a(c)(2), the conclusion of the immigration judge must be "based on reasonable, substantial and probative evidence." *Hamid v. INS*, 538 F.2d 1389, 1391 (9th Cir.1976) (citation omitted). The evidence presented at Pichardo's hearing included the notice to appear and the record of deportable/inadmissible alien, the incident reports taken the day the drugs were apprehended, documents regarding Pichardo's false claim to citizenship, and Pichardo's testimony that he had no knowledge of the drugs.

■ Section 212(a)(2)(C) deems inadmissible "[a]ny alien who the consular or immigration officer knows or has reason to believe is or has been an illicit trafficker in any such controlled substance...." 8 U.S.C. § 1182(a)(2)(C). The case law indicates that drug trafficking has an element of intent. *See Nunez–Payan v. INS*, 811 F.2d 264, 267 (5th Cir.1987) (noting that an alien who knowingly and consciously acts as a conduit in the transfer of marijuana between a dealer and customers of the dealer is excludable under section 212(a)(23));[4] *Matter of Rico*, 16 I. & N.

---

**3.** Although an issue at oral argument, we have reviewed *Reno v. American–Arab Anti–Discrimination Committee*, 525 U.S. 471, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999), and decided that it does not preclude our review of the order of removal in this case. The Supreme Court in *Reno* held that 8 U.S.C. § 1252(g) deprived the courts of jurisdiction over a suit brought in federal court challenging the Attorney General's selective prosecution of aliens in the deportation context. *See Reno*,

525 U.S. at ——, ——, 119 S.Ct. at 943, 947. In so holding, the Court noted that § 1252(g) applied "only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Id.* at 943. This case does not fall into one of those three categories, and therefore, *Reno* does not affect this case.

**4.** Section 212(a)(23) provided that an alien shall be excluded from admission into the

Dec. 181, 186 (1977) (finding that the petitioner was a "knowing and conscious participant" in an attempt to smuggle drugs into the United States which "brings him within the provisions of section 212(a)(23) of the Act relating to 'illicit trafficker.'"); *Matter of Favela,* 16 I. & N. Dec. 753, 755 (1979) (upholding the IJ's finding that the alien was a "conscious participant" in an attempt to smuggle drugs into the United States and thereby excludable under section 212(a)(23)); *Matter of R–H,* 7 I. & N. Dec. 675, 678 (1958) (holding that an alien who was a "knowing and conscious participant" in the transfer of marijuana was excludable under section 212(a)(23)). Precedent clearly directs that in order for the immigration officer to have had a reasonable belief that Pichardo was a drug trafficker, he must have had a reasonable belief that Pichardo knew the drugs were in the van.

■ There was no credible evidence showing that Pichardo knowingly and consciously possessed intent to deliver the drugs. Pichardo did not own the van. He was not carrying significant amounts of cash. He consistently denied having any knowledge of the drugs and he had no prior record of involvement with drugs. Furthermore, the drug charges against him were dropped and even the IJ stated that he found Pichardo's testimony reasonably credible. In light of these facts, we find the immigration officer did not have reasonable grounds to believe that Pichardo was a drug trafficker.

■ The Board's second ground for holding Pichardo inadmissible was Pichardo's conviction for misrepresenting that he was a citizen of the United States. Pichardo pled guilty to this charge under 18 U.S.C. § 911. However, it is unclear whether the charge of inadmissibility was filed against Pichardo for misrepresentation under 8 U.S.C. § 1182(a)(6)(C)(i) or for falsely claiming citizenship under 8 U.S.C. § 1182(a)(6)(C)(ii).[5] If Pichardo was charged with the former, he could have applied to the Attorney General for a waiver under 8 U.S.C. § 1182(i) because Pichardo has a spouse who is a United States citizen.[6] Pichardo was pro se in his original hearings and he did not have notice of whether he was being charged with the nonwaivable offense of false citizenship or the waivable offense of misrepresentation. This lack of notice was a deprivation of his due process rights and requires a remand. *See Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999) (immigrants are entitled to a "full and fair hearing"); 8 U.S.C. § 1228(b)(4).

## Conclusion

We reverse the Board's finding that the immigration officer had a reason to believe that Pichardo was a drug trafficker. Therefore, as a matter of law, Pichardo is

United States if he has been convicted of possessing or trafficking narcotic drugs or marijuana, or an immigration officer knows or has reason to believe he is or has been an illicit trafficker in any narcotic drugs or marijuana. Section 212(a) was amended in 1990 by Pub. L. 101–649, § 601(a), which decreased the number of classes of excludable aliens from 34 to 9 by broadening the descriptions of the classes. The substance of section 212(a)(23) is now found in section 212(a)(2)(C).

5. As stated earlier, the charging document is not included in the record. The government states in its brief that it charged that Pichardo was "subject to removal for violation of section 212(a)(6)(C) of the INA, 8 U.S.C. § 1182(a)(6)(C) (West Supp.1997), false claim

to United States citizenship." Respondent's Brief at 4. The government, therefore, did not specify with which sub-section of section 212(a)(6)(C) it was charging Pichardo.

6. The waiver provision provides that "[t]he Attorney General may, in the discretion of the Attorney General, waive the application of clause (i) of subsection (a)(6)(C) of this section in the case of an immigrant who is the spouse, son, or daughter of a United States citizen or of an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such an alien." 8 U.S.C. § 1182(i)(1).

not inadmissible under 8 U.S.C. § 1182(a)(2)(C). We remand for clarification of the false citizenship/misrepresentation charge.