Erwin PICHARDO, Petitioner,

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,**
Respondent.

No. 98–70759

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 1999.

Filed July 7, 2000.

Willie M. Jordan–Curtis, Ph.D., J.D., Assistant Dean for Student Affairs, Darlene C. Chavez, Galen NAU, and Lara A. Shingly, Law Students, University of Arizona, College of Law, Legal Clinic (Pro Bono), Tucson, Arizona, for the petitioner.

Marion E. Guyton, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondent.

Before: LAY,[1] PREGERSON and

sitting by designation.

---

1. The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit,

HAWKINS, Circuit Judges.

## ORDER

LAY, Circuit Judge:

The court's opinion filed September 7, 1999, and reported at 188 F.3d 1079 (9th Cir.1999), is vacated and withdrawn.

With the filing of this opinion, the panel now affirms the Board of Immigration Appeals' finding that Pichardo was inadmissible under the Immigration and Nationality Act in light of his conviction for making a false claim to United States citizenship.

## OPINION

Pursuant to Federal Rule of Appellate Procedure 40(a), the panel hereby grants the government's petition for rehearing, withdraws the previous panel opinion dated September 7, 1999, and substitutes the following opinion.

Erwin Pichardo ("Pichardo"), a citizen of Nicaragua, appeals from a decision of the Board of Immigration Appeals ("BIA" or "Board") upholding an Immigration Judge's ("IJ") finding that he was inadmissible and subject to removal from the United States. The BIA articulated two grounds to support its holding: first, a finding that the immigration officer knew or had reason to believe Pichardo was a drug trafficker under the Immigration and Nationality Act ("INA") section 212(a)(2)(C), 8 U.S.C. § 1182(a)(2)(C); second, Pichardo's conviction for misrepresenting that he was a citizen of the United States in violation of 18 U.S.C. § 911.

We now affirm the Board's decision finding Pichardo inadmissible on the basis of his conviction for falsely claiming citizenship. *See* INA § 212(a)(6)(C), 8 U.S.C. § 1182(a)(6)(C)(ii). Because this issue is dispositive of Pichardo's admissibility status, this court need not reach the issue of inadmissibility under 8 U.S.C. § 1182(a)(2)(C).

## Factual and Procedural Background

Pichardo came to the United States when he was eleven years old, after fleeing Nicaragua with his mother. He has been living in the United States for over twelve years. He has a job as well as a wife and two children who are all United States citizens. On June 13, 1997, Pichardo, his wife, and some friends, including a man named Carlos, traveled from Los Angeles to Mexicali, Mexico to go shopping. The group traveled in Carlos' van. According to Pichardo, while shopping at a mall, Carlos left the group and later returned with people he described as family members. He informed Pichardo that he wished to go with his "family," and asked Pichardo if he would drive the van back to Los Angeles. Pichardo agreed. When Pichardo crossed the border into the United States, inspectors found 126.45 pounds of marijuana hidden in the paneling of the van. Pichardo also attempted to use a false birth certificate to cross the border. Pichardo claimed that he did not know that Carlos was involved with drugs or that the marijuana was in the van. He was arrested on drug charges which were subsequently dropped. He did, however, plead guilty on August 29, 1997, to making a false claim of United States citizenship in violation of 18 U.S.C. § 911.[2]

On June 14, 1997, the Immigration and Naturalization Service ("INS") commenced proceedings to remove Pichardo from the United States by issuing a Notice to Appear. The Notice stated that Pichardo was removable pursuant to INA § 212(a)(2)(C) as an alien who was reasonably believed to be a drug trafficker. Pichardo's removal hearing commenced on September 9, 1997, at which time Pichardo requested time to obtain an attorney and the proceeding was continued to October 2, 1997. Upon commencement of the October 2 proceeding, the INS lodged an additional charge asserting that Pichardo was removable pursuant to INA

---

**2.** Pichardo was sentenced to two months imprisonment with credit for time served.

§ 212(a)(6)(C)(ii) for falsely claiming United States citizenship.

On October 27, 1997, the IJ heard the merits of Pichardo's case and found him excludable for illicit drug trafficking and for a false claim to citizenship. After this ruling, the proceedings were again continued to determine Pichardo's asylum claim. On December 1, 1997, the IJ rendered an oral decision denying the asylum claim and reiterating his findings from the previous hearing that Pichardo was inadmissible because an immigration officer reasonably believed that he was a drug trafficker and because of his "misleading claim to citizenship."

Pichardo appealed the IJ's decision to the BIA and it affirmed. The BIA held that "[t]he Immigration Judge correctly decided that [Pichardo] failed to meet his burden of establishing that he was admissible under any provision of the [INA]." In so holding, the Board noted that Pichardo admitted using a false birth certificate when trying to enter the United States and that he pleaded guilty to making a false claim to citizenship. Further, while noting that the drug charges against Pichardo were dropped, the Board pointed out that section 212(a)(2)(C) does not require a conviction, but instead requires only that the "immigration officer know or have reason to believe that the alien is or has been an illicit trafficker in controlled substances...." The Board also affirmed the denial of Pichardo's asylum claim.

**Discussion**

Pichardo argues that the BIA erred when it sustained the IJ's findings that he was inadmissible and that he failed to meet his burden of establishing admissibility under any provision of the INA.

■ We have jurisdiction over this final removal order under 8 U.S.C. § 1252(a)(1). *See Yang v. INS*, 109 F.3d 1185, 1192 (7th Cir.), *cert. denied, Katsoulis v. INS*, 522 U.S. 1027, 118 S.Ct. 624, 139 L.Ed.2d 605 (1997).[3]

■■ This court's review is generally limited to the decision of the BIA, except to the extent that it has adopted the decision of the IJ. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995). Pure questions of law regarding the requirements of the INA are reviewed *de novo*, while the Board's interpretation and application of the law are entitled to deference. *See Coronado–Durazo v. INS*, 123 F.3d 1322, 1324 (9th Cir.1997). Furthermore, "a decision that an alien is not eligible for admission to the United States is conclusive unless manifestly contrary to law...." 8 U.S.C. § 1252(b)(4)(C). Critically, in removal proceedings, the alien has the burden of establishing that he is "clearly and beyond doubt entitled to be admitted and is not inadmissible under section 1182 of this title...." 8 U.S.C. § 1229a(c)(2)(A).

■■ In the instant case, the original administrative record was unclear as to whether the charge leveled against Pichardo at the October 2 proceeding was for misrepresentation under INA § 212(a)(6)(C)(i) or for falsely claiming citizenship under INA § 212(a)(6)(C)(ii). The charging document is now before the court and clarifies that Pichardo was charged under section 212(a)(6)(C)(ii).[4] Additional-

---

**3.** Although an issue at oral argument, we have reviewed *Reno v. American–Arab Anti-Discrimination Comm.*, 525 U.S. 471, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999), and decided that it does not preclude our review of the order of removal in this case. The Supreme Court in *Reno* held that 8 U.S.C. § 1252(g) deprived the courts of jurisdiction over a suit brought in federal court challenging the Attorney General's selective prosecution of aliens in the deportation context. *See Reno*, 525 U.S. at 482, 492, 119 S.Ct. 936. In so holding, the Court noted that § 1252(g) ap-

plied "only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Id.* at 482, 119 S.Ct. 936. This case does not fall into one of those three categories, and therefore, *Reno* does not affect this case.

**4.** Subsequent to this panel's initial determination of this matter, Respondent submitted the charging document and now moves this court to supplement the record pursuant to Fed. R.App. P. 16(b).

ly, the transcripts of the removal hearings on October 2 and 27 reveal that Pichardo was aware of the specific charge and was served with the document. INA § 212(a)(6)(C)(ii), 8 U.S.C. § 1182(a)(6)(C)(ii) provides: "[a]ny alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this Act ... is inadmissible." This section is a non-waivable ground of inadmissibility. *See* 8 U.S.C. § 1182(a)(6)(C)(iii), 1182(i).[5]

It is undisputed that on August 29, 1997, Pichardo pleaded guilty to making a false claim of United States citizenship in violation of 18 U.S.C. § 911. In finding Pichardo inadmissible, the Board took note of this guilty plea and of Pichardo's admission to using a false birth certificate when trying to enter the United States. These facts establish an independent and non-waivable ground for inadmissibility under section 1182(a)(6)(C)(ii). In light of this, the Board correctly upheld the IJ's decision that Pichardo was inadmissible. Because this conclusion of inadmissibility was proper and is non-waivable, it is dispositive of Pichardo's status; thus, this court need not reach any other issue raised on appeal.

## Conclusion

We affirm the Board's finding upholding the IJ's decision that Pichardo was inadmissible by reason of his conviction for making a false claim of citizenship.

---

**5.** The waiver provisions contained in 8 U.S.C. §§ 1182(a)(6)(C)(iii) and 1182(i), specifically limit the Attorney General's discretionary waiver to § 1182(a)(6)(C)(i), fraudulent or wilful misrepresentation of a material fact for immigration purposes. Section 1182(i)(1) states:

The Attorney General may, in the discretion of the Attorney General, waive the application of clause (i) of subsection (a)(6)(C) of

this section in the case of an immigrant who is the spouse, son, or daughter of a United States citizen or of an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such an alien.