Jose Nunez MATUS, Petitioner,

v.

John ASHCROFT, U.S. Attorney General, Respondent.

No. 01–71924.

INS No. A28–549–212.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2003.*

Decided Feb. 19, 2003.

Before SILVERMAN and GOULD, Circuit Judges and SEDWICK,** Chief District Judge.

MEMORANDUM***

Jose Antonio Nunez Matus, a native and citizen of Nicaragua, petitions for a review of the decision of the Board of Immigration Appeals ("BIA") dismissing his petition to reopen his removal proceedings. Matus argues that (1) notwithstanding his ineligibility for cancellation of removal, under 8 U.S.C. § 1182(a)(6)(C)(ii), we should reverse the BIA's decision and remand the case for consideration of an adjustment of status application and (2) that he was denied due process in his hearing before the IJ. We disagree and deny the petition.

We review for an abuse of discretion the BIA's denial of a motion to reopen. *Wat-*

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable John W. Sedwick, Chief United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

---

*kins v. INS,* 63 F.3d 844, 847 (9th Cir. 1995). The BIA properly denied Matus's motion to reopen because he was ineligible for an adjustment of status due to his admission that he falsely represented himself to be a citizen of the United States for a purpose or benefit under the INA. 8 U.S.C. § 1182(a)(6)(C)(ii); *Pichardo v. INS,* 216 F.3d 1198 (9th Cir.2000).

We review de novo claims of due process violations in removal proceedings.[1] *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We find no evidence in the administrative record indicating that Matus did not receive a full and fair hearing of his claims and a reasonable opportunity to present evidence on his own behalf. *See generally Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999); *Platero–Cortez v. INS,* 804 F.2d 1127, 1132 (9th Cir. 1986).

PETITION DENIED.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We limit our review to due process violations which were correctly raised before the BIA. *Vargas v. INS,* 831 F.2d 906, 908 (9th Cir.1987)