**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANTONIO DAVILA PONCE,

Petitioner,

v.

JOHN ASHCROFT, Attorney General
of the United States,

Respondent.

No. 02-9557
(INS No. A74 443 682)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **HENRY** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Antonio Davila Ponce seeks review of a Board of Immigration Appeals (BIA) order affirming without an opinion the immigration judge's (IJ)

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

removal decision that he was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii) as an "alien who . . . has falsely represented[] himself . . . to be a citizen of the United States for any purpose or benefit under . . . Federal . . . law." Petitioner argues (1) the IJ denied him due process by relying on evidence he had no opportunity to confront and by denying him a continuance of the voluntary departure hearing; (2) the BIA erred in affirming the IJ's conclusion that he is inadmissible under § 1182(a)(6)(C)(ii); and (3) the BIA erred in affirming the IJ's decision without issuing an opinion. Exercising jurisdiction under 8 U.S.C. § 1252, we reject petitioner's arguments and deny the petition for review.

Petitioner is a native and citizen of Mexico. He entered the United States without inspection in March 1995. In October 1997, he submitted an application for a United States passport, accompanied by a fraudulent Colorado birth certificate. Although he was charged with making a false statement in a passport application in violation of 18 U.S.C. § 1542, he pled guilty to possessing an identification document produced without lawful authority in violation of 18 U.S.C. § 1028(a)(6), (b)(5).

The Immigration and Naturalization Service (INS) [1] initially charged

---

[1] The INS no longer exists. Its functions are now performed by the United States Citizenship and Immigration Services within the Department of Homeland Security. *Hang Kannha Yuk v. Ashcroft*, 355 F.3d 1222, 1224 n.3 (10th Cir. 2004).

petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i) for being present without authorization. Later, the INS also charged him as removable under § 1182(a)(6)(C)(ii) for falsely representing himself as a United States citizen seeking to obtain a benefit under federal law. At the hearing before the IJ, petitioner admitted he was removable because he entered the country without inspection, but denied removability for falsely representing himself as a United States citizen. In his oral decision, the IJ found that petitioner did make a false claim of United States citizenship in order to procure a passport under the laws of the United States. The IJ ordered petitioner removed to Mexico and denied voluntary departure. The BIA summarily affirmed the IJ's decision. *See* 8 C.F.R. § 3.1(a)(7) (now codified at 8 C.F.R. § 1003.1(a)(7)).

Petitioner argues the IJ denied him due process, because the IJ failed to allow him to confront the witnesses whose testimony was used against him. Specifically, he maintains an unsigned United States Department of State Diplomatic Security Service report, the affidavit of Department of State Special Agent Christopher St. Onge, the arrest warrant and the criminal complaint should not have been given any weight because he did not have an opportunity to confront the authors of the documents and because the documents contained facts never established in court. Although petitioner concedes these documents were admissible, he argues that the IJ's giving them substantial weight denied him a

fundamentally fair hearing. Petitioner further argues the documents do not establish that he falsely represented himself to be a United States citizen.

We review claims of a denial of due process in a removal proceeding de novo. *Sanchez-Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001). "[I]ndividuals subject to deportation are entitled to procedural due process, which provides an opportunity to be heard in a meaningful time and in a meaningful manner." *Woldemeskel v. INS*, 257 F.3d 1185, 1192-93 (10th Cir. 2001) (quotations omitted). Petitioner received that. The INS submitted the documents to the Immigration Court with service on petitioner on April 10, 1998, R. at 61-62, long before the December 1, 1998 hearing. Despite knowing of this evidence, petitioner presented no evidence on his own behalf. Nor did he ask to confront any of the authors of the documents. To the extent he argues the IJ gave too much weight to the evidence, we may not weigh the evidence. *See Refahiyat v. INS*, 29 F.3d 553, 556 (10th Cir. 1994).

We reject petitioner's assertion that the evidence before the IJ did not establish he falsely represented himself to be a United States citizen. His admissions that he is a citizen of Mexico and that he presented a false Colorado birth certificate in order to obtain a United States passport, R. at 39, 41, alone are substantial evidence to support removal under § 1182(a)(6)(C)(ii). *Cf. Pichardo v. INS*, 216 F.3d 1198, 1199-1201 (9th Cir. 2000) (concluding petitioner was

-4-

inadmissible under § 1182(a)(6)(C)(ii) after he was convicted of making false claim of United States citizenship, through use of false birth certificate, in violation of 18 U.S.C. § 911 when trying to enter United States). Thus, we cannot say that the IJ's decision that petitioner was subject to removal "is contrary to what a reasonable factfinder would have been compelled to conclude." *Vatulev v. Ashcroft*, 354 F.3d 1207, 1211 (10th Cir. 2003).

Next, petitioner contends the IJ's refusal to continue the hearing for voluntary departure denied him due process, asserting he had no notice voluntary departure would be addressed at the December hearing. We disagree. Although the IJ informed the parties the December hearing would determine eligibility for adjustment and availability of waiver, R. at 36, the hearing was intended to cover all aspects of removal, including voluntary departure, as it was a continuation of the removal proceedings. Moreover, petitioner has not shown prejudice. *See Michelson v. INS*, 897 F.2d 465, 468 (10th Cir. 1990). The IJ considered the equities he presented, and he does not indicate what additional evidence he would have presented if the IJ had granted a continuance. The IJ therefore did not deny petitioner due process. To the extent any part of petitioner's argument is not based on due process, we have no jurisdiction to review the denial of voluntary departure. *See* 8 U.S.C. § 1229c(f).

Finally, petitioner argues the BIA erred in summarily affirming the IJ's

decision. This argument is foreclosed by recent Tenth Circuit authority. *See Sviridov v. Ashcroft*, 358 F.3d 722, 726-27 (10th Cir. 2004); *Batalova v. Ashcroft*, 355 F.3d 1246, 1253-54 (10th Cir. 2004); *Hang Kannha Yuk*, 355 F.3d at 1232. Petitioner also maintains that review by a single board member was inappropriate in this case. It makes no difference whether the BIA acted through a single member, since we can directly and fully review the IJ's decision, which the BIA adopted. *See Batalova*, 355 F.3d at 1253 & n.8. As indicated above, our review reveals no error in the IJ's decision. *See id.* at 1253. Thus, the BIA appropriately streamlined this case. *See Sviridov*, 358 F.3d at 727 (holding this court can review Board member's decision to streamline).

 For the above reasons, we **DENY** the petition for review.

Entered for the Court

Stephanie K. Seymour
Circuit Judge
