**Mykola BUDZAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70961.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 29, 2004.

Tatiana S. Aristova, Philadelphia, PA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., Christopher C. Fuller, Janice K. Redfern, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Mykola Budzan, a native and citizen of the Ukraine, petitions for review of the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's adverse credibility finding because petitioner's testimony was both inconsistent with his interview before the asylum officer and in his asylum application, and contained implausibilities. Because the factual discrepancies went to the heart of his asylum claim, substantial evidence supports the denial of asylum. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). It follows that Budzan did not satisfy the more stringent standard for withholding of removal. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000).

Additionally, substantial evidence supports the IJ's denial for relief under the CAT because he failed to demonstrate that it is more likely than not that he will be tortured if returned to Ukraine. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

Finally, petitioner did not satisfy his burden of proving that the IJ erred in finding that he is inadmissible because he falsely represented himself to be a United States citizen. *See* 8 U.S.C. §§ 1182(a)(6)(C)(ii), 1229a(c)(2)(A). Because the IJ's decision was not manifestly

---

1. Counsel for petitioner is reminded that her failure to support assertions in her brief with references to the record is a violation of Federal Rule of Appellate Procedure 28(e) and Circuit Rule 28–2.8. Sanctions may be imposed for failure to comply with Circuit Rule

contrary to law, it is conclusive. *See Pichardo v. INS*, 216 F.3d 1198, 1200 (9th Cir.2000).[1]

**PETITION FOR REVIEW DENIED.**

---

28–2.8. *See* Circuit Advisory Committee Note to Rule 28–2.

