Esvin Benito CASTILLO–RECINOS, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70884.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 12, 2005.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

WWS-District Counsel, Seattle, WA, James E. Grimes, Esq., Mark C. Walters, Esq., Washington, DC, for Respondent.

Before: BEEZER, HALL, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Esvin Benito Castillo–Recinos, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming without opinion the Immigration Judge's ("IJ") order of removal and denial of asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny in part, and dismiss in part, the petition for review.

■ Castillo–Recinos contends that the IJ erred by finding him inadmissible and subject to removal under 8 U.S.C. § 1182(a)(6)(C)(i) for attempted entry by misrepresentation. Because Castillo–Recinos conceded that he attempted to enter the United States by orally falsely claiming to be a lawful permanent resident, his challenge to the IJ's removal order lacks merit. *See Pichardo v. INS,* 216 F.3d 1198, 1200 (9th Cir.2000) (stating that "in removal proceedings, the alien has the burden of establishing that he is 'clearly and beyond doubt entitled to be admitted and is not inadmissible'"); *see also* 8 U.S.C. § 1252(b)(4)(C) (stating that "a decision that an alien is not eligible for admission to the United States is conclusive unless manifestly contrary to law").

■ The record evidence does not compel a finding that Castillo–Recinos has a

Nicholas W. Marchi, Esq., Carney & Marchi, P.S., Seattle, WA, for Petitioner.

well-founded fear of persecution by the former Guatemalan guerrillas. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998–99 (9th Cir.2003) (holding that substantial evidence supported the BIA's reliance on changed country conditions in Guatemala, and the possibility of internal relocation); *Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991) (holding that harm by unknown men for unknown reasons did not support a well-founded fear of persecution). By failing to qualify for asylum, Castillo–Recinos necessarily failed to satisfy the more stringent standard for withholding of removal. *See Gonzalez–Hernandez*, 336 F.3d at 1001 n. 5.

■ The BIA's decision to streamline Castillo–Recinos' appeal did not violate due process. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078–79 (9th Cir. 2004). Moreover, we reject Castillo–Recinos' regulatory challenge to the BIA's decision to affirm his appeal without a separate opinion. *See id.* at 1078.

■ We lack jurisdiction to review the IJ's denial of voluntary departure. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003); *see also* 8 U.S.C. § 1229c(f). We reject Castillo–Recinos' remaining contention.

PETITION DENIED in part, and DISMISSED in part.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.