Jan ENGLOT, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–73641.

Agency No. A44–231–135.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2005.**

Decided June 20, 2005.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nicomedes E. Suriel, Law Offices of Nicomedes E. Suriel, L.L.C., Phoenix, AZ, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, U.S. Immigration Service, Phoenix, AZ, David V. Bernal, Attorney, Madeline Henley, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, CANBY and HAWKINS, Circuit Judges.

## MEMORANDUM***

Jan Englot, a native and citizen of Poland who was admitted to the United States as an immigrant, petitions for review of an order of the Board of Immigration Appeals affirming an Immigration Judge's order of removal. Englot was ordered removed for making a false claim of citizenship at a border crossing in order to help smuggle an alien into the United States. *See* 8 U.S.C. §§ 1182(a)(6)(C)(ii), 1182(a)(6)(E). Englot argues that his counsel's decision not to request voluntary departure constitutes a violation of his due process rights. We deny the petition for review.[1]

Englot was properly ordered removed because he falsely claimed to be a United States citizen. *See* 8 U.S.C. § 1182(a)(6)(C)(ii)(I) ("Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit ... is inadmissible."); *see also Pichardo v. INS*, 216 F.3d 1198 (9th Cir.2000).

Various constitutional protections that apply in criminal trials, such as the Sixth Amendment right to effective assistance of counsel, do not apply in civil removal proceedings. *See INS v. Lopez–Mendoza*, 468 U.S. 1032, 1038–39, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984). A counsel's deficient performance may violate due process, however, if it renders the proceedings fundamentally unfair. *See Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir.1985). To establish a violation of due process, it is necessary for Englot to show prejudice. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003).

Englot cannot meet these requirements. His only claim of ineffectiveness is the failure of counsel to advise him of the possibility of voluntary departure and counsel's statement to the Immigration Judge that Englot did not seek voluntary departure. This particular failure cannot amount to a violation of due process, however, because "aliens have no fundamental right to discretionary relief from removal for purposes of due process and equal

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review de novo claims of due process violations in removal proceedings. *Reyes–Melendez v. INS*, 342 F.3d 1001, 1006 (9th Cir. 2003).

protection. Because there is no constitutionally protected liberty interest in the discretionary privilege of voluntary departure, the due process claim fails." *Tovar–Landin v. Ashcroft,* 361 F.3d 1164, 1167 (9th Cir.2004) (citation omitted).

**AFFIRMED.**