**Beatus Subira LYAMBA, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–71266.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 24, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard M. Loew, Aquino & Aquino, Covina, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Seattle, WA, Larry P. Cote, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM \*\*\*

Beatus Subira Jude Lyamba, a native and citizen of Tanzania, petitions for review of an order of the Board of Immigration Appeals summarily affirming an immigration judge's ("IJ") order finding him statutorily ineligible for adjustment of status on the ground that Lyamba made a false claim to United States citizenship. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's findings of fact, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and we deny the petition for review.

■ Contrary to Lyamba's contention, the IJ properly placed the burden of proof on Lyamba to show that he was not inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii). At his removal hearing, Lyamba conceded that he was removable under 8 U.S.C. § 1227(a)(1)(C)(i) for failure to maintain his nonimmigrant status. Because Lyamba sought relief from removal by applying for adjustment of status, he bore the burden of establishing his eligibility for adjustment. *See* 8 U.S.C. § 1255(a) (an alien

applying for adjustment of status bears the burden of showing that he is "admissible to the United States for permanent residence"); *Pichardo v. INS*, 216 F.3d 1198, 1200 (9th Cir.2000) (explaining that an alien in removal proceedings "has the burden of establishing that he is clearly and beyond doubt entitled to be admitted and is not inadmissible under [8 U.S.C. § ] 1182") (internal quotation omitted).

■ Substantial evidence supports the IJ's finding that Lyamba made a false claim to United States citizenship in order to obtain employment. *See Farah*, 348 F.3d at 1156 (stating that " 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary' ") (quoting 8 U.S.C. § 1252(b)(4)(A)-(B)). The IJ therefore properly determined that Lyamba was inadmissible to the United States for permanent residence and thus ineligible for adjustment of status under 8 U.S.C. § 1255. *See Pichardo*, 216 F.3d at 1201.

**PETITION FOR REVIEW DENIED.**

**Toni DANDOCH, Petitioner,**

v.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.