

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2006

# Angeles-Robledo v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2765

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Angeles-Robledo v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1070.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1070

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

**UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

Case No: 05-2765

LAURA ANGELES-ROBLEDO,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of a Final Decision
of the Board of Immigration Appeals
BIA No. A76 420 343
Immigration Judge: Honorable William K. Strasser

_____

Submitted Pursuant to Third Circuit Local Rule 34.1(a)
May 12, 2006

Before: BARRY, SMITH, AND TASHIMA,[*]

(Filed: May 22, 2006)
_____

OPINION
_____

_____

[*]      The Honorable A. Wallace Tashima, Senior United States Circuit
Judge for the Ninth Circuit Court of Appeals, sitting by designation.

TASHIMA, *Circuit Judge.*

Laura Angeles-Robledo ("Angeles") was found to be ineligible for adjustment of status and ordered removed by the Board of Immigration Appeals ("BIA"). She timely petitioned for review of the BIA's final order. We deny her petition for review.

Angeles first entered the United States without inspection in 1981 and has resided in this country since that date. She is married to a lawful permanent resident of the U.S. and is the mother of two U.S. citizen children. In early 1998, Angeles returned to Mexico for a short visit to see her sick mother. On her return to the U.S., when questioned by the Border Patrol, Angeles initially made a claim to U.S. citizenship, which was not true. On further questioning, she admitted that she was a citizen of Mexico.

Angeles was then placed in removal proceedings. The notice to appear alleged that she was removable as being present in the U.S. without being admitted or paroled, in violation of § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i).[1] The immigration judge found that Angeles had timely recanted her false claim of U.S. citizenship and granted her request for a

---

[1] Angeles was also convicted of illegal entry, in violation of 8 U.S.C. § 1325, in the Southern District of Texas.

waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h), and her application for adjustment of status to that of a lawful permanent resident under INA § 245, 8 U.S.C. § 1158. The government appealed.

On appeal, the BIA concluded that Angeles was ineligible for adjustment of status because she had failed to meet her burden to establish her eligibility for adjustment of status under § 245 because Angeles was "inadmissible as an alien who falsely represented that she was a United States citizen for any purpose or in order to obtain a benefit under the [INA]." Aside from the fact that it was undisputed that Angeles had falsely claimed to be a U.S. citizen at the border, the BIA noted her long history of falsely holding herself out to be a U.S. citizen.

An alien applying for adjustment of status has the burden of showing that she is "admissible to the United States for permanent residence." INA § 245(a), 8 U.S.C. § 1255(a); *see also* 8 C.F.R. § 1240.8(d) (providing that in removal proceedings, the alien bears the burden of establishing eligibility for the requested relief). Thus, Angeles had the burden of showing that INA § 212, 8 U.S.C. § 1182, including § 212(a)(6)(C)(ii), which renders inadmissible an alien who makes false claim of U.S. citizenship, does not apply to her. *See* INA § 240(c)(2)(A), 8 U.S.C. § 1229a(c)(2)(A) ("if the alien is an applicant for admission," she has the burden of showing that she "is clearly and beyond doubt entitled to be admitted and is not

inadmissible under section 1182"); *Pichardo v. INS*, 216 F.3d 1198, 1200 (9th Cir. 2000) (noting that in removal proceedings the alien has the burden to establish "clearly and beyond doubt" that she is not inadmissible under § 1182).

The standard of review that we must apply in this case is highly deferential. Under the INA, we must affirm the BIA's decision that Angeles is inadmissible, unless it is "manifestly contrary to law." INA § 242(b)(4)(C), 8 U.S.C. § 1252(b)(4)(C); *see Pichardo*, 216 F.3d at 1200.

As stated, Angeles does not contest that she made a false claim of U.S. citizenship. Rather, her defense is that she did not make the claim under oath, that she timely recanted it, and that a false claim of citizenship "in and of itself is not sufficient to trigger mandatory bars under the [INA]." Although we can appreciate that, in a case such as this, such factors could lead the immigration judge to rule in Angeles' favor, we cannot conclude that the BIA's decision was "manifestly contrary to law," or that no reasonable adjudicator would reach the conclusion that the BIA reached. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it.").

Angeles did not recant her claim to U.S. citizenship until her second interview in which she was confronted with third-party evidence of her falsity. In

-4-

fact, it was her traveling companion who first informed the border authorities that Angeles was not a U.S. citizen. The record also reflects a long history of Angeles' assuming the identity of a U.S. citizen. That assumed identity enabled her to obtain employment, a driver's license, voter's registration card, credit card, and Blue Cross health insurance cards from her employer.

Given the alien's burden of proving admissibility and our deferential review of the BIA's decision, we can find no basis to overturn the BIA's decision. The petition for review is **DENIED.**