**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY JOHN MALONEY, | No. 08-72522 |
| Petitioner, | Agency No. A098-570-977 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2010[**]

Before:     LEAVY, HAWKINS, and IKUTA, Circuit Judges.

Anthony John Maloney, a native and citizen of Trinidad and Tobago,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for

adjustment of status.  We have jurisdiction under 8 U.S.C. § 1252. We review de

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo questions of law, and review for substantial evidence the agency's findings of fact. *Blanco v. Mukasey*, 518 F.3d 714, 718 (9th Cir. 2008). We deny the petition for review.

Contrary to Maloney's contention, a verbal statement is not necessary in making a false claim to citizenship. *See* 8 U.S.C. § 1182(a)(6)(C)(ii) (inadmissibility for false representation of a United States citizen). Substantial evidence therefore supports the agency's determination that Maloney is inadmissible, and thus ineligible for adjustment of status, where the record evidence indicates he made a false claim to United States citizenship to gain entry into the United States. *See Pichardo v. INS*, 216 F.3d 1198, 1201 (9th Cir. 2000) (admission to using a false birth certificate when trying to enter the United States was sufficient to establish inadmissibility under 8 U.S.C. § 1182(a)(6)(C)(ii)).

**PETITION FOR REVIEW DENIED.**