FILED

NOV 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA DE LOS ANGELES ZENDEJAS, | No. 08-73400 |
| Petitioner, | Agency No. A095-447-695 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

Maria De Los Angeles Zendejas, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's ("IJ") decision denying her application for adjustment of

status. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

questions of law, and for substantial evidence the agency's findings of fact. *Blanco v. Mukasey*, 518 F.3d 714, 718 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Contrary to Zendejas' assertion, the IJ did not violate due process by admitting the documents presented by the Department of Homeland Security to show Zendejas had made a false claim to United States citizenship on June 23, 1999, because the documents were probative and their admission was fundamentally fair. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995).

Substantial evidence supports the agency's determination that Zendejas is inadmissible, and therefore ineligible for adjustment of status, where the record indicates she made a false claim to United States citizenship to gain entry to the United States in 1999. *See Pichardo v. INS*, 216 F.3d 1198, 1201 (9th Cir. 2000) (false claim to United States citizenship is a "non-waivable ground of inadmissibility" under 8 U.S.C. § 1182(a)(6)(C)(ii)).

We lack jurisdiction to review Zendejas' challenge to her 1999 expedited removal order. *See* 8 U.S.C. § 1252(a)(2)(A); *Avendano-Ramirez v. Ashcroft*, 365 F.3d 813, 818-19 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**