**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JORGE ANTONIO COVARRUBIAS CABRERA, AKA Jorge Avila a la Torre,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-72165<br><br>Agency No. A089-494-673<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2016[**]
San Francisco, California

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

Jorge Covarrubias Cabrera, a native and citizen of Mexico, petitions for

review of the BIA's dismissal of his appeal of the IJ's decision finding him

ineligible for adjustment of status to lawful permanent resident based on his

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

inadmissability under 8 U.S.C. § 1182(a)(6)(C)(ii) for attempting to enter the U.S. by making a false claim of U.S. citizenship. We have jurisdiction to review the final removal order under 8 U.S.C. § 1252(b) and we DENY the Petition for Review.

An alien who is admitted into the United States may adjust his or her status to an alien lawfully admitted for permanent residence if the following requirements are met: (1) the alien makes an application for adjustment of status; (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and (3) an immigrant visa is immediately available at the time the application is filed. 8 U.S.C. § 1255(a). Petitioner does not meet the second requirement. He admitted that he attempted to enter the United States by falsely representing himself as a U.S. citizen. Under 8 U.S.C. § 1182(a)(6)(C)(ii), his false claim of U.S. citizenship makes him inadmissable.

Petitioner has not identified any way to waive or cure his inadmissability. The Ninth Circuit has held that § 1182(a)(6)(C)(ii) "is a non-waivable ground of inadmissibility." *Pichardo v. I.N.S.*, 216 F.3d 1198, 1201 (9th Cir. 2000). Petitioner may not cure his inadmissability through *nunc pro tunc* permission to reapply for admission, as *nunc pro tunc* relief is only available in the limited circumstances "where the only ground of deportability or inadmissibility would thereby be eliminated or where the alien would receive a grant of adjustment of

2

status in conjunction with the grant of any appropriate waivers of inadmissibility." *In Re Garcia-Linares*, 21 I. & N. Dec. 254, 257 (BIA 1996); *Corona-Mendez v. Holder*, 593 F.3d 1143, 1148 (9th Cir. 2010). Neither condition is satisfied here. *Nunc pro tunc* relief would not eliminate the only ground of deportability, as the prior false claim of U.S. citizenship renders Petitioner inadmissible. Additionally, Petitioner is ineligible for a waiver since § 1182(a)(6)(C)(ii) is a non-waivable ground of inadmissibility.

Petitioner argues his Notice to Appear violated his Due Process rights and 8 C.F.R. § 1003.15 (b)(3) by not advising him of his inadmissability under § 1182(a)(6)(C)(ii). "[D]ue process does not require inclusion of charges in the NTA that are not grounds for removal but are grounds for denial of relief from removal." *Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063, 1066 (9th Cir. 2006). Petitioner is not entitled to notice of the facts which the government might present to argue against granting the Petitioner relief from removal.

Finally, Petitioner challenges the IJ's finding that he made a false claim of U.S. citizenship. His argument is unavailing: he admitted this fact on appeal to the BIA and evidence in the record amply supports the IJ's finding.

We do not have jurisdiction to review arguments or holdings that the BIA did not consider. As the BIA did not review the IJ's alternative holding that

3

Petitioner is ineligible for adjustment of status for overstaying his visa, we do not review that issue.

**PETITION FOR REVIEW DENIED.**