

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMPARO RIVAS-BAHENA, AKA Maria Garcia Domingez, AKA Amparo Rivas, AKA Barbara Salazar, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-71931 <br><br> Agency No. A077-206-970 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Amparo Rivas-Bahena, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision finding her removable and denying her

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for relief. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence the agency's findings of fact. *Blanco v. Mukasey*, 518 F.3d 714, 718 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Rivas-Bahena is inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii) and ineligible to adjust status, where the record indicates she made a false claim to United States citizenship to gain entry to the United States. *See* 8 U.S.C. § 1255(a)(2) (eligibility); *Pichardo v. INS*, 216 F.3d 1198, 1201 (9th Cir. 2000) (false claim to United States citizenship is a "non-waivable ground of inadmissibility" under 8 U.S.C. § 1182(a)(6)(C)(ii)). Rivas-Bahena's contention that she attempted to timely recant her false claim of citizenship is belied by the record. *See Valadez-Munoz v. Holder*, 623 F.3d 1304, 1310 (9th Cir. 2010) (where an applicant made the retraction only after being confronted with evidence of misrepresentation, the applicant cannot take advantage of the timely recantation doctrine). Accordingly, we do not reach Rivas-Bahena's contentions regarding hardship.

Rivas-Bahena failed to exhaust her contention that the IJ erred in not adjourning removal proceedings to allow for processing of the I-130 visa petition filed on Rivas-Bahena's behalf by her husband. *See Tijani v. Holder*, 628 F.3d

1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

Rivas-Bahena does not challenge the BIA's dispositive determination that she was unable to establish the good moral character required for cancellation of removal because she provided false testimony to gain admission to the United States. *See* 8 U.S.C. §§ 1101(f)(6); 1229b(b)(1)(B). Accordingly, we do not reach Rivas-Bahena's contention regarding the continuous physical presence required for cancellation of removal.

We lack jurisdiction to review Rivas-Bahena's unexhausted contention that her asylum application was not untimely because circumstances in Mexico have changed for women. *See Tijani*, 628 F.3d at 1080.

Rivas-Bahena's claim to membership in a gender-based particular social group was raised for the first time in briefing before the BIA, and the BIA deemed the claim waived and declined to address it further. Rivas-Bahena does not raise, and therefore has waived, any challenge to the agency's waiver determination. *See id.* (a petitioner waives an issue by failing to raise it in the opening brief).

Substantial evidence supports the agency's determination that Rivas-Bahena failed to establish past persecution or a clear probability of future persecution on account of a protected ground. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226,

1228-29 (9th Cir. 2016); *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) (under the REAL ID Act, "to demonstrate that a protected ground was 'at least one central reason' for persecution, an applicant must prove that such ground was a cause of the persecutors' acts"). Accordingly, Rivas-Bahena's withholding of removal claim fails. *See Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010).

Finally, substantial evidence also supports the agency's denial of Convention Against Torture relief on the ground that Rivas-Bahena failed to demonstrate it is more likely than not that she would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**